**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **GREG ADAMS,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **Civil Action No. 3:11-CV-3085-M** |
| § | |
| **CHASE BANK, et al.,** § | |
| § | |
| **Defendants.** § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS**

Pursuant to the order of reference dated November 15, 2011, this case has been referred for pretrial management, including the determination of non-dispositive motions and the issuance of findings, conclusions, and recommendations on dispositive motions. Before the Court are *Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint or Alternatively Motion for More Definite Statement*, filed November 15, 2011 (doc. 6.) and *Defendant Brice, Vander Linden & Wernick, P.C.'s Motion to Dismiss*, filed February 17, 2012 (doc. 11). Based on the relevant filings and applicable law, the first motion to dismiss should be **GRANTED**, and the second motion to dismiss should be **DENIED as moot**.

**I. BACKGROUND**

This action arises from a notice of foreclosure on real property located at 326 Faircrest Drive, Garland, Texas 75040. On October 31, 2011, Greg Adams (Plaintiff) sued JP Morgan Chase Bank, N.A. (JPMC),[1] and Brice, Vander Linden & Wernick, P.C. (Brice) in the116th Judicial District Court of Dallas County, Texas, claiming fraud and breach of contract under Texas law, and seeking

---

[1] Plaintiff incorrectly sued JPMC as "Chase Bank."

1

to enjoin the foreclosure. (doc. 1-1 at 3-7.)

Plaintiff alleged that he began engaging in negotiations with JPMC, the mortgage holder on his residence, for a loan modification in January 2011. (*Id.* at 4.) JPMC allegedly assured him during these negotiations that no foreclosure would take place during the application or modification process, and he relied on that representation. (*Id.*) On or about August 26, 2011, Plaintiff received a letter notifying him that his application had been rejected. (*Id.*) JPMC's representatives allegedly told Plaintiff that he had 30 days to investigate the reasons for the rejection, and that the foreclosure process would be stayed during that time. (*Id.*) On or about September 14, 2011, Plaintiff received a new loan modification package from Brice, a Texas-based law firm. (*Id.*) "Consequently [he] was assured that no foreclosure would take place." (*Id.*) Despite Plaintiff's completion of the new modification documents, Brice allegedly sent him a "Notice of Substitute Sale" set for November 1, 2011. (*Id.*)

On November 8, 2011, Brice filed an original answer, including a verified denial stating that it was being sued merely in its capacity as trustee. (doc. 5-1.) On November 9, 2011, JPMC removed the action based on diversity jurisdiction. (doc. 1.) In its notice of removal, JPMC alleged that it was a citizen of Ohio with its main office in Columbus, Ohio, and that Plaintiff was a resident and citizen of Texas. (*Id.* at 3.) It conceded that Brice was a Texas citizen, and therefore a non-diverse in-state defendant, but contended that Brice's Texas citizenship should be disregarded because it was at best a substitute trustee that had been improperly joined. (*Id.* at 4.)

JPMC now moves to dismiss the claims against it for failure to state a claim upon which relied can be granted, or in the alternative a motion for a more definite statement. (doc. 6-1.) Brice moves to dismiss the suit against it pursuant to Tex. Prop. Code § 51.007(a). (doc. 11.) Plaintiff

has not responded, and the motions are now ripe for recommendation.

## II. JURISDICTION

As noted, JPMC has removed this action based on diversity jurisdiction. While it essentially concedes that Brice is a non-diverse in-state defendant, it argues that Brice's Texas citizenship should be disregarded for removal purposes because it is an improperly joined defendant. Before proceeding to the merits of the case, the Court must *sua sponte* consider whether Brice should be disregarded as an improperly joined defendant for purposes of diversity jurisdiction. *See EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009) (even without an objection to subject matter jurisdiction, a court must consider *sua sponte* whether jurisdiction is proper).

"The starting point for analyzing claims of improper joinder must be the statutes authorizing removal to federal court of cases filed in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc). The federal removal statute allows removal of any civil action brought in state court of which the federal district courts have original jurisdiction. 28 U.S.C. § 1441(a). Original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. *See id.*, §§ 1331, 1332. For diversity jurisdiction to exist, the amount in controversy must exceed $75,000.00 exclusive of interests and costs, and there must be complete diversity of citizenship, i.e. no plaintiff must be a citizen of the same state as any defendant. *See id.* § 1332; *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). An action removable on diversity jurisdiction may not be removed if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

The improper joinder doctrine is a narrow exception to the complete diversity rule. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). The doctrine ensures "that

3

the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009) (citing *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006)).  In other words, it allows a court to disregard the citizenship of an improperly joined defendant for purposes of determining diversity.  *See Smallwood*, 385 F.3d at 572.  To show improper joinder, the removing defendant bears the heavy burden of showing either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573-74 (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

Because Brice's actual citizenship is undisputed, the inquiry here focuses on the plaintiff's inability to establish a cause of action against the non-diverse party in state court.  To prove improper joinder based on a plaintiff's inability to establish a cause of action against a non-diverse defendant, a removing defendant must demonstrate no possibility of recovery by the plaintiff against the in-state defendant, i.e. no reasonable basis for predicting that the plaintiff might be able to recover against the in-state defendant.  *Id.* at 572.  "If no reasonable basis for recovery exists, a conclusion can be drawn that the plaintiff's decision to join the local defendant was indeed improper, unless the showing compels dismissal of all defendants." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005) (emphasis omitted).

There are two proper means for predicting whether a plaintiff has a reasonable basis for recovery under state law. *Smallwood*, 385 F.3d at 573.  "The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* (footnote omitted).  The court does

4

not predict "whether the plaintiff will certainly or even probably prevail on the merits, but look[s] only for a possibility that he may do so." *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (citation omitted). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573. Where, however, "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* Although a matter for the court's discretion, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74. The court may not move "beyond jurisdiction and into a resolution of the merits." *Id.* at 574.

Under a Rule 12(b)(6)-type analysis, JPMC has met its heavy burden to show there is no reasonable basis for predicting Plaintiff might be able to recover against Brice on his breach of contract claim. Plaintiff's breach of contract claim is based on his alleged contract with JPMC regarding loan modification and foreclosure, and Plaintiff alleges only JPMC's actions as constituting a breach of that contract. Additionally, there is no reasonable basis in the complaint or in the record to conclude the existence of a contract between Plaintiff and Brice. *See Cooks v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, at *3 (N.D. Tex. July 12, 2010) (Fitzwater, J.) (applying similar analysis to similar facts). There is also no reasonable basis to predict that Plaintiff might recover against Brice on his fraud claim. As discussed more fully below, a claim for fraud requires a misrepresentation by a defendant to a plaintiff. *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 10320-33 (5th Cir. 2010). Plaintiff has not alleged any representations by Brice that could arguably form the basis of a fraud claim. Plaintiff only alleges representations by

5

JPMC, and the only time he mentions Brice is in its role as trustee for scheduling the foreclosure proceedings.

Given these reasons, Brice's joinder is improper, and its Texas citizenship does not defeat removal jurisdiction premised on diversity. Brice is therefore subject to dismissal from this lawsuit as an improperly joined party. *See Griggs v. State Farm Lloyds*, 181 F.3d 694 (5th Cir. 1999); *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510 (5th Cir. 2009) (affirming dismissal of improperly joined defendant). Since Brice is subject to dismissal as an improperly joined defendant, its motion to dismiss based on Tex. Prop. Code § 51.007(a) should be denied as moot.

### III.  JPMC'S MOTION TO DISMISS

JPMC moves to dismiss Plaintiff's breach of contract claim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and its common law fraud claim under Fed. R. Civ. P. 9(b) for failure to plead fraud with particularity. (*See* doc. 6-1.)

**A.  Legal Standard**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual

proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The alleged facts must "raise a right to relief above the speculative level." *Id*. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 129 S. Ct. at 1950-51.

A dismissal for failure to plead fraud with particularity pursuant to Rule 9(b) is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *McCall v. Genentech, Inc.*, 2011 WL 2312280, at *3 (N.D. Tex. June 9, 2011) (citing *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)). Rule 9(b) contains a heightened pleading standard and requires a plaintiff to plead the circumstances constituting fraud with particularity. *See* Fed. R. Civ. P. 9(b); *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a

fraud claim. *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).

**B.  Common Law Fraud**

JPMC moves to dismiss Plaintiff's common law fraud claim on the grounds that he has failed to plead a misrepresentation, the time or content of any alleged misrepresentation, the identity of the speaker, the benefit to the speaker from the misrepresentation, or the harm suffered by Plaintiff from any misrepresentation. (doc. 6-1 at 4-6.)

There are two types of common law fraud in Texas: simple fraud and fraudulent inducement. The elements of simple fraud in Texas are: "(1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation[,] the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury." *Potter*, 607 F.3d at 1032-33 (citing *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). A claim for fraudulent inducement has the same basic elements as a simple fraud claim, but also requires an underlying contract which was induced. *Kevin M. Ehringer Enters., Inc. v. McData*, 646 F.3d 321, 325 (5th Cir. 2011) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998); *Haase v. Glazner*, 62 S.W.3d 795, 798 (Tex. 2001)). Fraud and fraudulent inducement claims are both subject to the heightened pleading requirement of Rule 9(b). *Potter*, 607 F.3d at 1032.

As discussed, Plaintiff alleges that in or about January 2011, he engaged in negotiations with JPMC to modify his loan, and JPMC assured him no foreclosure would take place during the application or modification process. On or about August 26, 2011, he received a rejection letter

from JPMC on his modification. JPMC representatives told him he had 30 days to investigate the reasons for rejection and that the foreclosure process would be stayed during that time. On September 14, 2011, he received a letter from Brice transmitting another loan package. "Consequently, [he] was assured no foreclosure would take place." Brice then sent him a notice of substitute sale setting the trustee's sale for November 1, 2011.

These allegations do not lead to a reasonable inference that JPMC made a misrepresentation to Plaintiff when it stated that no foreclosure would occur during the application or modification process. They show instead that JPMC abided by its representation in setting the foreclosure sale outside the application or modification process. The allegations also do not lead to a reasonable inference that JPMC made misrepresentations regarding the 30-day stay because it is unclear when exactly JPMC made those misrepresentations and when Brice allegedly sent the notice of substitute trustee sale. Further, any assumptions that Plaintiff may have made from the second loan package do not qualify as misrepresentations. Finally, Plaintiff fails to specify the speaker, time, place, and circumstances of the alleged misrepresentations, and therefore the who, when, where, and how with respect to his fraud claim. He only generally alleges that he suffered damages by relying on any alleged misrepresentations. His common law fraud claim should therefore be dismissed for failure to meet the heightened pleading requirement of Rule 9(b).

**C. Breach of Contract**

JPMC next argues that Plaintiff has insufficiently plead the elements of his breach of contract claim, and that the claim is barred by the statute of frauds. (doc. 6-1 at 6-7.)

The essential elements of a breach of contract claim in Texas are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract

9

by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)).

Plaintiff alleges that he entered into a contract with JPMC whereby he would fill out another modification application and JPMC would not foreclose during the process. He has failed to allege, however, that he performed his end of the bargain by filling out another modification application or that JPMC breached any contract by foreclosing on the property. His allegations amount to nothing more than labels and conclusions or a mere recitation of the elements of his cause of action. They lack specific, well-pleaded facts, and consist of conclusory allegations that are not supported by any facts giving rise to a reasonable inference that a contract existed or was breached, or that Plaintiff suffered damages as a result of the breach. Plaintiff's breach of contract claim is therefore subject to dismissal for failure to state a claim.[2]

**D. Injunctive Relief**

JPMC also argues that Plaintiff's request for injunctive relief must be dismissed as he has not stated a claim for relief. (doc. 6-1 at 7-8.)

"To obtain injunctive relief, plaintiff is required to plead and prove, inter alia, 'a substantial likelihood of success on the merits.'" *Jackson v. Fed. Home Loan Mortg. Corp.*, 2011 WL 3874860, at *3 (N.D. Tex. Sept. 1, 2011) (citing *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996)). Since dismissal of Plaintiff's claims on the merits is warranted, he cannot establish any likelihood of success, so dismissal of Plaintiff's request for injunctive relief is also warranted.

---

[2] Because Plaintiff's breach of contract claim is subject to dismissal for lack of sufficient factual allegations, there is no need to consider JPMC's alternative argument for dismissal based on the statute of frauds, or its alternative motion for a more definite statement.

## IV.  CONCLUSION

Brice should be *sua sponte* dismissed from the lawsuit as an improperly joined defendant, and its motion to dismiss should be **DENIED as moot**.  JPMC's motion to dismiss should be **GRANTED,** and all of the claims against it should be **DISMISSED with prejudice**.  Its alternative motion for a more definite statement should be **DENIED as moot**.

**SO RECOMMENDED on this 11th day of May, 2012**.

                                                  _____
                                                  IRMA CARRILLO RAMIREZ
                                                  UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                  _____
                                                  IRMA CARRILLO RAMIREZ
                                                  UNITED STATES MAGISTRATE JUDGE